UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DEE WILLIAMS, ) | 1:09-cv-01435-OWW-SMS |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | APPLICATION TO PROCEED IN FORMA |
| ) | PAUPERIS (Doc. 2) |
| v. ) | |
| ) | ORDER DIRECTING THE SHERIFF OF |
| FRESNO POLICE CHIEF JERRY ) | FRESNO COUNTY TO MAKE WITHDRAWALS |
| DYER, et al., ) | AND PAYMENTS |
| ) | |
| Defendants. ) | ORDER DISMISSING PLAINTIFF'S |
| ) | COMPLAINT WITH LEAVE TO FILE AN |
| ) | AMENDED COMPLAINT NO LATER THAN |
| | THIRTY DAYS AFTER THE DATE OF |
| | SERVICE OF THIS ORDER (DOC. 1) |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff filed an application to proceed in forma pauperis on August 13, 2009. Plaintiff has made the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma

1

pauperis will be granted.

/////

## II. Directions to the Sheriff of Fresno County

Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust account. The Sheriff of Fresno County is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening the Complaint

### A. Legal Standards

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant

2

fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

B. Plaintiff's Complaint

Plaintiff alleges that Fresno City Chief of Police Jerry Dyer and Fresno Mayor Ashley Swearingen slandered Plaintiff by statements made on television and in the newspaper from June 15, 2009, through June 16, 2009, at a time when Plaintiff was in the general population (presumably in the Fresno County Jail, where he was housed at the time the complaint was filed). Plaintiff was assaulted. Plaintiff seeks damages and injunctive relief against further harassment. Attached to the complaint is a copy of a

3

newspaper article concerning Plaintiff's having been tracked as a paroled offender who had failed to notify authorities of his whereabouts. Plaintiff was identified as a very dangerous individual who had been convicted of a double murder in Texas and a Merced home invasion rape.

### C. Subject Matter Jurisdiction

It is Plaintiff's burden to allege a short and plain statement of the grounds for the Court's jurisdiction unless the Court already has jurisdiction and the claim needs no new jurisdictional support. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, Plaintiff alleges that he was defamed. Defamation is a state tort claim. Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, who is presently in custody in Fresno County, does not include any allegations regarding the citizenship of Defendant or of Plaintiff; however, because of the positions of the named defendants, it is not likely that the named defendants as citizens of a state other than California.

4

1  Hence, it does not appear that there would be subject matter
2  jurisdiction based on the citizenship of the parties pursuant to
3  28 U.S.C. § 1332.
4  　　　Accordingly, Plaintiff has failed to state a basis for
5  jurisdiction in this Court. However, because it is possible that
6  Plaintiff could file an amended complaint that states facts
7  showing a basis for subject matter jurisdiction in this Court,
8  Plaintiff will be given an opportunity to file a first amended
9  complaint.
10 　　　IV. Amendment of the Complaint
11 　　　Because it is possible that Plaintiff can allege a set of
12 facts, consistent with the allegations, in support of the claim
13 or claims that would entitle him to relief, the Court will grant
14 Plaintiff an opportunity to amend the complaint to cure the
15 deficiencies of this complaint. Failure to cure the deficiencies
16 will result in dismissal of this action without leave to amend.
17 　　　A complaint must contain a short and plain statement as
18 required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules
19 adopt a flexible pleading policy, a complaint must give fair
20 notice and state the elements of the claim plainly and
21 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649
22 (9th Cir. 1984). Plaintiff must allege with at least some degree
23 of particularity overt acts which the defendants engaged in that
24 support Plaintiff's claim. Id.
25 　　　An amended complaint supercedes the original complaint,
26 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997);
27 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be
28 "complete in itself without reference to the prior or superceded

5

pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

V. Disposition

In accordance with the above and good cause appearing therefore, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED; and

2. The Sheriff of Fresno County or his designee SHALL COLLECT payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments SHALL BE clearly identified by the name and number assigned to this action; and

3. The Clerk of the Court IS DIRECTED to serve a copy of this order and a copy of plaintiff's in forma pauperis application on the Sheriff of Fresno County at 1225 M Street, Fresno, CA 93721; and

4. The Clerk of the Court IS DIRECTED to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

5. Plaintiff's complaint IS DISMISSED with leave to amend;

6

and

6. Plaintiff IS GRANTED thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   August 26, 2009**          **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE