UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE DEE WILLIAMS, | ) | 1:09-cv-01435-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS PLAINTIFF'S FIRST AMENDED |
| | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | FOR FAILURE TO STATE A BASIS FOR |
| | ) | JURISDICTION IN THIS COURT |
| FRESNO POLICE CHIEF JERRY | ) | (Doc. 4) |
| DYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
|_____| ) | |

Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's first amended complaint, filed on September 22, 2009.

I. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is

untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the

facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

II. <u>Subject Matter Jurisdiction</u>

It is Plaintiff's burden to allege a short and plain statement of the grounds for the Court's jurisdiction unless the Court already has jurisdiction and the claim needs no new jurisdictional support. Fed. R. Civ. P. 8(a)(1); <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

III. <u>Plaintiff's Complaint</u>

Here, Plaintiff alleges that he was defamed by the Defendants (the Chief of Police and the Mayor of Fresno), who stated that he had committed previous crimes (double murder and a Merced home invasion rape), and that thereafter Plaintiff was assaulted by inmates in Plaintiff's place of confinement.

Defamation is a state tort claim.

Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, who is an inmate in California, does not include any allegations regarding the citizenship of Defendant or

1  of Plaintiff; however, because of the positions of the named

2  defendants, it is not likely that the named defendants are

3  citizens of a state other than California. Hence, it does not

4  appear that there would be subject matter jurisdiction based on

5  the citizenship of the parties pursuant to 28 U.S.C. § 1332.

6      Accordingly, Plaintiff has failed to state a basis for

7  jurisdiction in this Court.

8      Plaintiff has already been informed of the requirement of

9  stating grounds for jurisdiction, and Plaintiff has been given an

10  opportunity to file a first amended complaint. However, Plaintiff

11  has not cured the defect in his complaint.

12     It appears that affording Plaintiff a further opportunity to

13  state a jurisdictional basis would be futile.

14     IV. <u>Recommendation</u>

15     Accordingly, it IS RECOMMENDED that Plaintiff's second

16  amended complaint be dismissed without leave to amend for failure

17  to state grounds for jurisdiction in this Court.

18     This report and recommendation is submitted to the United

19  States District Court Judge assigned to the case, pursuant to the

20  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

21  Local Rules of Practice for the United States District Court,

22  Eastern District of California. Within thirty (30) days after

23  being served with a copy, any party may file written objections

24  with the Court and serve a copy on all parties. Such a document

25  should be captioned "Objections to Magistrate Judge's Findings

26  and Recommendations." Replies to the objections shall be served

27  and filed within ten (10) <u>court</u> days (plus three days if served

28  by mail) after service of the objections. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
(b)(1)(C). The parties are advised that failure to file
objections within the specified time may waive the right to
appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 17, 2009**          **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE